IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DEREK A. HENDERSON, *Liquidating Trustee*
*for United Furniture Industries, Inc.*                                        APPELLANT

V.                                                                CIVIL ACTION NO. 1:25-CV-94-SA

TORIA NEAL, JAMES PUGH, and
KALVIN HOGAN, *on behalf of themselves*
*and all others similarly situated*                                        APPELLEES

MEMORANDUM OPINION

Derek A. Henderson, in his capacity as liquidating trustee for United Furniture Industries,

Inc. ("UFI"), timely appealed to this Court the June 6, 2025 decision of the United States

Bankruptcy Court regarding priority status of damages under the Worker Adjustment and

Retraining Notification Act ("WARN Act"). The appeal has been fully briefed and is ripe for

review. Having considered the parties' filings, as well as the applicable authorities, the Court is

prepared to rule.

*Background*

For years, UFI and its affiliates were engaged in the manufacturing and distribution of

furniture from facilities located in Mississippi, North Carolina, and California. In late November

2022, UFI abruptly ceased all operations and terminated approximately 2,700 employees.

After multiple creditors filed a Chapter 7 involuntary petition against it, UFI entered

bankruptcy. *See generally* N.D. Miss. Bankr. Cause No. 22-13422. The Bankruptcy Court

eventually converted the action to a Chapter 11 case and appointed Derek A. Henderson as the

Chapter 11 trustee.

Relevant here, shortly after UFI's closure, there were three separate class action complaints filed against it in this Court by former employees, alleging statutory violations of the WARN Act based upon UFI's failure to provide them with 60 days' notice prior to the plant closure. *See Neal v. UFI*, N.D. Miss. Cause No. 1:22-CV-171; *Poe v. UFI*, N.D. Miss. Cause No. 1:22-CV-172; *Alomari v. UFI*, N.D. Miss. Cause No. 1:22-CV-176. Another class action was later filed in the Central District of California. *See Alcantara v. UFI*, C.D. Cal. Cause No. 5:22-CV-2110. Once UFI entered bankruptcy, similar complaints were filed as adversary proceedings. Eventually, the Bankruptcy Court consolidated the adversary proceedings and certified the former employees' WARN Act claims as a class action. Notably, the employees later added as defendants Stage Capital, LLC; the David A. Belford Separate Property Trust; the David A. Belford Irrevocable Trust; and David A. Belford (the "Non-UFI Defendants"), alleging that, in addition to UFI, those parties were liable under the WARN Act pursuant to the "single employer" theory of liability.[1]

By Order dated March 24, 2024, the Bankruptcy Court confirmed UFI's proposed plan of liquidation, established a liquidating trust, and appointed Henderson as liquidating trustee. Generally speaking, the plan of liquidation authorizes the trustee to continue administering the debtors' estates, including contesting unliquidated disputed claims. The plan of liquidation provides that "[r]esolution of the WARN Class Action will determine (i) whether the WARN Act and Related Employment Claims are Allowed, and (ii) if Allowed, whether and to what extent the WARN Act and Related Employment Claims are Class 1A Priority Claims or Class 6 Unsecured Claims." N.D. Miss. Bankr. Cause No. 22-13422, [881] at p. 9.

---

[1] For context, the Trustee, in his trial brief filed with the Bankruptcy Court, explained that "[t]he Belford Trust was the majority shareholder/owner of UFI. Belford is the Grantor and Trustee of the Belford Trust, which is a revocable trust created under Ohio law. As Trustee of the Belford Trust, Belford was UFI's sole voting shareholder. Stage is the family office management company for the Belford family. Belford is the chairman and sole owner of Stage." [3] at p. 61 (internal citations omitted).

On October 18, 2024, the Bankruptcy Court entered a Memorandum Opinion and Order, wherein it determined that certain statutory exceptions to WARN Act liability could not be invoked as a matter of law. *See generally* N.D. Miss. Bankr. Cause No. 1:23-AP-01005, [2188]. As the Trustee phrased it, "[t]he effect of this ruling was essentially a default judgment as to WARN liability." [7] at p. 16. In a subsequent ruling, the Bankruptcy Court determined that questions of fact remained as to the employees' "single employer" theory of liability against the non-UFI Defendants. *See* N.D. Miss. Bankr. Cause No. 1:23-AP-01005, [248]. But ultimately, prior to trial, the employees and the non-UFI Defendants reached a settlement, wherein they resolved the total settlement amount for the employees. *See* [3] at p. 36 ("[T]he total Federal WARN Act damages for the 1,896 employees . . . are equal to $19,371,126, inclusive of both wages and benefits.").[2] However, despite reaching a settlement as to the appropriate amount of damages, the parties' stipulation left open for the Bankruptcy Court to decide the question of priority for the WARN Act damages. *See id*. at p. 37-38 (The parties agree that this stipulation does not concern the priority, if any, that any WARN damages awarded in this matter may have under the Bankruptcy Code or the UFI Plan of Liquidation.").

The Bankruptcy Court resolved the priority issue on June 6, 2025. In a Memorandum Opinion and Order issued that day, the court determined that WARN Act damages *are* entitled to priority under 11 U.S.C. § 507(a) up to the statutory cap of $15,150.00 for each individual employee. [2] at p. 2. The Trustee timely appealed that decision to this Court.

### *Standard of Review*

"In a bankruptcy appeal, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal: a bankruptcy court's findings of

---

[2] The parties also reached other stipulations related to the amount of damages available under California law, but the Court sees no need to address them here.

fact are reviewed for clear error, and its conclusion of law de novo." *Tex. Comptroller of Public Accounts v. Adams*, 617 B.R. 84, 90 (N.D. Tex. 2020) (citing *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003); *In re National Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000)).

*Analysis and Discussion*

The sole issue on appeal is a narrow one—whether WARN Act damages qualify for priority under 11 U.S.C. § 507(a). This is a purely legal issue and therefore subject to *de novo* review. *See Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 517 (5th Cir. 2004) (citing *In re Williams*, 337 F.3d 504, 508 (5th Cir. 2003)).

The legal conclusion on this issue is thus critical in determining how the estate will be liquidated. If WARN Act damages fall within the statutory language of § 507(a)(4), they are entitled to fourth-level priority. If not, they are treated as general unsecured claims.

The parties' arguments here mirror the arguments they raised in the Bankruptcy Court proceedings. The Trustee contends that WARN Act damages should not be treated as priority claims under § 507(a) but should instead be treated as general unsecured claims. Conversely, the employees and non-UFI Defendants contend that the damages are entitled to priority status and the Bankruptcy Court's decision was therefore proper.

Having explained the stakes at issue in this appeal, the Court begins its analysis by turning to the statutory language. *See Ortega v. Office of the Comptroller of the Currency*, 155 F.4th 394, 402 (5th Cir. 2025) ("Statutory interpretation . . . begins and, if possible, ends with the language of the statute.") (citation and quotation marks omitted). As pertinent here, the Bankruptcy Code provides fourth-level priority to the following claims:

> (4) Fourth, allowed unsecured claims, but only to the extent of [$15,150] for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition

4

> or the date of the cessation of the debtor's business, whichever occurs first, for--

> > (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual[.]

11 U.S.C. § 507(a)(4)(A).

The WARN Act mandates that an employer provide 60 days' notice before ordering a "plant closing or mass layoff" and, in the event of a violation, statutorily authorizes aggrieved employees to recover "back pay" and "benefits under an employee benefit plan" for a period of "up to a maximum of 60 days." 29 U.S.C. §§ 2102; 2104.

The Trustee contends that WARN Act damages do not fall within the parameters of Section 507(a)(4) because the statute, by its own language, applies only to *earned* wages. *See* 11 U.S.C. § 507(a)(4). According to the Trustee, the Court should give substantial weight to the Fifth Circuit's recent decision in *Fleming v. Bayou Steel BD Holdings II LLC*, 83 F.4th 278 (5th Cir. 2023), wherein the court analyzed the WARN Act and characterized WARN Act damages as equitable restitution. He takes the position that damages for equitable restitution cannot properly be characterized as earned wages and therefore should not be granted priority status. In making this argument, the Trustee points to prior guidance from the Supreme Court that "preferential treatment of a class of creditors is in order *only when clearly authorized by Congress*." *Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 547 U.S. 651, 655, 126 S. Ct. 2105, 165 L. Ed. 2d 110 (2006) (emphasis added). According to the Trustee, the statute does not clearly authorize WARN Act damages for priority status and therefore the Bankruptcy Court's decision was erroneous.

The Court will address in detail the Fifth Circuit's decision in *Fleming* but will first walk through some previous decisions on this topic to provide a more in-depth background of the applicable law.

In doing so, the Court first points out that for decades bankruptcy courts across the country have concluded that WARN Act damages *are* entitled to priority under Section 507(a)(4). *See In re Pace Airlines, Inc.*, 483 B.R. 306, 311 (Bankr. M.D. N.C. 2012) (noting that WARN Act damages "must be administered as fourth and fifth priority claims under Section 507(a)(4)-(5), with any amount exceeding the statutory cap constituting general unsecured claims"); *In re Bill Heard Enterprises, Inc.*, 400 B.R. 795, 805 (Bankr. N.D. Ala. 2009) (recognizing that "a majority of the courts have treated WARN Act damages as being in the nature of wages and have accorded such claims the same priority classification as all other wages claims under § 507(a)4)"); *In re Powermate Holding Corp.*, 394 B.R. 765, 773 (Bank. D. Del. 2008) ("Courts have consistently held that WARN Act damages are within 'the nature of wages' for which § 507(a)(4) provides."); *In re Cargo, Inc.*, 138 B.R. 923, 927 (Bankr. N.D. Iowa 1992). In its Order [2], the Bankruptcy Court cited numerous other decisions that have reached the same conclusion "[b]ecause th[e] common understanding of 'back pay' fits squarely within the language of § 507(a)(4), which prioritizes claims for 'wages, salaries, or commissions, including vacation, severance, and sick leave pay[.]'" [2] at p. 7 (citations omitted).

Another point of reference in this legal landscape is the Supreme Court's 2017 decision in *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 137 S. Ct. 973, 197 L. Ed. 2d 398 (2017). There, the Bankruptcy Court for the District of Delaware approved a structured dismissal of a Chapter 11 proceeding which permitted payment to general unsecured creditors ahead of WARN Act claimants. *Id*. at 460, 137 S. Ct. 973. As the Supreme Court phrased it, "[t]he essential point is that . . . the proposed settlement called for a structured dismissal that provided for distributions that did not follow ordinary priority rules." *Id*. at 460-61, 137 S. Ct. 973.

The employees appealed that decision, arguing that a bankruptcy court is not legally permitted to approve a structured dismissal that does not strictly comply with the Bankruptcy Code's priority system. *Id.*, 137 S. Ct. 973. The district court and then the Third Circuit rejected the employees' argument and affirmed the structured dismissal—with the Third Circuit concluding that "courts could in rare instances . . . approve structured dismissals that do not strictly adhere to the Bankruptcy Code's priority scheme." *Id.* at 462, 137 S. Ct. 973 (citations omitted). The Supreme Court ultimately reversed, concluding that a bankruptcy court errs as a matter of law by approving a distribution scheme that is inconsistent with the statutory priority structure. *Id.* at 464, 137 S. Ct. 973. In doing so, the Supreme Court concluded that courts simply lack the authority to "depart[] from the protections Congress granted particular classes of creditors" and therefore "cannot alter the balance struck by the statute." *Id.* at 470-71, 137 S. Ct. 973 (citations omitted).

In considering this backdrop, the Court is well aware that none of the decisions issued by bankruptcy courts across the country are binding here. Nonetheless, the Court has reviewed them and notes that the overwhelming consensus is contrary to the Trustee's current position. Additionally, the Supreme Court's decision in *Jevic* did not squarely address the issue of whether WARN Act damages are entitled to priority under § 507(a)(4). However, the Supreme Court seemingly accepted that proposition when it concluded that the bankruptcy court erred by approving a structured dismissal that authorized payment to general unsecured creditors prior to WARN Act claims. In other words, as the Bankruptcy Court put it, "[t]he Supreme Court's reasoning presupposed that the employees' WARN damages were entitled to priority treatment under § 507(a)(4), and its holding turned on the impermissibility of deviating from the statutory priority scheme. If those claims had not qualified for priority, then no violation would have

occurred when the bankruptcy court approved distributions to general unsecured creditors ahead of the WARN claimants." [2] at p. 8.

In arguing that *Jevic* does not foreclose the issue, the Trustee emphasizes that "the priority issue was not directly addressed or explained by the Supreme Court." [7] at p. 33. True enough. But it does seem logical to this Court that, had the Supreme Court believed that WARN Act damages were not entitled to priority, it would have said so. Indeed, if WARN Act damages were not entitled to priority status, again, there seemingly would have been no statutory violation when the bankruptcy court permitted general unsecured creditors to be paid prior to the WARN Act claimants. This Court agrees with the Bankruptcy Court's synopsis on that point. Nonetheless, the Court will set aside that issue and turn to the Trustee's main contention on appeal.

As noted previously, the Trustee relies heavily on the Fifth Circuit's 2023 decision in *Fleming*, 83 F.4th 278. There, a significant number of employees were unexpectedly terminated when their employer, Bayou Steel, abruptly closed and filed for bankruptcy. *Id*. at 284. The employees filed a class action lawsuit under the WARN Act against Bayou Steel's holding company and a private equity firm which advised the fund that owned the holding company, seeking to hold those entities liable pursuant to the "single employer" theory. *Id*. The employees demanded a jury trial; however, the district court determined that the Seventh Amendment provides no jury trial right in WARN Act cases. *Id*. After the district court ultimately granted summary judgment in the defendants' favor (applying the more deferential summary judgment standard applicable in nonjury cases), the employees appealed, arguing *inter alia* that the district court erred in denying their request for a trial by jury. *Id*.

On appeal, in a matter of first impression, the Fifth Circuit addressed the Seventh Amendment issue. *Id*. at 288. In resolving that issue, after analogizing WARN Act claims to a

claim for breach of fiduciary duty, the court noted the most important consideration is whether the remedy sought is "legal or equitable in nature." *Id*. at 289 (quoting *Tull v. United States*, 481 U.S. 412, 417-18, 107 S. Ct. 1831, 95 L. Ed. 2d 365 (1987)). On that point, "[t]o support a right to trial by jury, the available remedy must be legal rather than equitable." *Id*. at 291 (citation omitted). The Fifth Circuit went on to note that, despite monetary damages historically being the form of relief offered in courts of law, "that does not mean that any award of monetary relief must *necessarily* be legal relief. Rather, courts have characterized damages as equitable when they are restitutionary or intertwined with injunctive relief." *Id*. at 292 (citations and quotation marks omitted; emphasis in original). Ultimately, the Fifth Circuit concluded that WARN Act damages are restitutionary and therefore equitable:

> Remedies are restitutionary when they are intended simply to extract compensation or restore the status quo, whereas legal remedies are intended to punish culpable individuals. WARN Act damages seek to put aggrieved employees in the same position they would have been had the violation never occurred.

*Id*. (citations and quotation marks omitted).

In the case at bar, the Trustee argues that the Bankruptcy Court erred when it concluded that the Fifth Circuit's analysis on the Seventh Amendment issue in *Fleming* has no bearing on the present issue. Specifically, the Trustee asserts that "[a] cause of action cannot be viewed as equitable in nature for a 'limited purpose.' A WARN Act claim is either equitable in nature as *Fleming* held, or it is legal in nature. However, a WARN Act claim cannot [be] classified as equitable for jury trial purpose[s] and somehow classified as legal for priority purposes under the Bankruptcy Code." [7] at p. 24.

In urging this Court to apply *Fleming* to the bankruptcy priority context—a specific statutory scheme entirely separate from the Seventh Amendment inquiry—the Trustee contradicts

9

his prior argument regarding the Supreme Court's decision in *Jevic*. Recall, the Trustee argued the Bankruptcy Court erred in relying on *Jevic* "because the priority issue was not directly addressed or explained by the Supreme Court." [7] at p. 33. But the same can be said for *Fleming*, as neither § 507(a)(4) nor any part of the priority scheme was referenced in that opinion.

Setting aside the incompatibility of the Trustee's current argument with his previous contention, this Court has carefully reviewed *Fleming*. As emphasized previously, that case analyzed the important constitutional issue of whether the Seventh Amendment entitles WARN Act claimants to a jury trial. The court, in classifying WARN Act claims as equitable restitution, held that they are synonymous with breach of fiduciary duty claims and "seek to put aggrieved employees in the same position they would have been had the violation never occurred." *Fleming*, 83 F.4th at 292.

According to the Trustee, this conclusion is critical because "if a judgment is entered against the Employer for a WARN Act violation, then this would qualify as a restitution judgment for WARN damages. As a restitution judgment, WARN damages would fall outside the specific claims afforded priority under § 507 because the statute contains no express priority for restitution judgments." [7] at p. 29-30 (citing *In re Bennett*, 237 B.R. 918, 923 (Bankr. N.D. Tex. 1999)).

This logic requires an inferential leap that the Court simply does not find to be legally supported or justified. The Trustee contends that the statute contains no express priority for restitution judgments. While true, § 507(a)(4) *does* expressly provide priority for earned wages. Thus, while pointing out what the statute does *not* provide, the Trustee disregards what it *does*.

The Fifth Circuit has held "that the plain language of a statute controls, 'reading it as a whole and mindful of the linguistic choices made by Congress.'" *Bombardier Aerospace Corp. v.*

10

*United States*, 831 F.3d 268, 273 (5th Cir. 2016) (quoting *In re Universal Seismic Assocs., Inc.*, 288 F.3d 205, 207 (5th Cir. 2002)).

Again, the WARN Act entitles aggrieved employes to "back pay" for a statutorily defined amount of time. Interpreting the WARN Act's language related to a different issue, the Fifth Circuit has noted that the term "back pay" within the statute carries its ordinary meaning of wages and benefits. *See Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dept. Stores, Inc.*, 15 F.3d 1275, 1283 (5th Cir. 1994). And § 507(a)(4) clearly provides for fourth-level priority for "wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual[.]" 11 U.S.C. § 507(a)(4)(A). This Court has no trouble concluding that WARN Act damages for "back pay" constitute earned wages as that term is utilized in § 507(a)(4).[3] A straightforward reading and application of the applicable statutes renders such a result. *See Bombardier*, 831 F.3d at 273.

Ultimately, the Court finds *Fleming* to be inapposite. That decision addressed a legally distinct issue. The Court rejects the Trustee's position that "the Bankruptcy Court [in not applying *Fleming* on this issue] essentially squeezed [a] round peg into the square hole of § 507(a)(4) which plainly applies only to 'earned' wages." [7] at p. 16. In fact, the opposite is true. Congress *has* spoken to the issue at hand—it statutorily authorized fourth-level priority for earned wages. Utilizing *Fleming* to reach a contrary conclusion requires speculation and legal contortion that, put

---

[3] The Trustee also contends that the term "earned" within the language of § 507(a)(4) alters the outcome here, contending that the employees' wages and benefits, etc. were not earned as of the time of the bankruptcy filing. The Bankruptcy Court addressed this point head on: "When employees are terminated without the notice required by the WARN Act, they are deprived of a benefit granted by federal law. In exchange for the loss of this statutory protection, the WARN Act entitles them to compensation equivalent to the wages and benefits they would have received during the 60-day notice period. These damages are not speculative or punitive. They represent the compensation for a lost employment opportunity that would have otherwise been realized within the relevant statutory window." [2] at p. 12. This Court adopts that reasoning in full. The Trustee has pointed to no persuasive authority to indicate to the contrary. In this Court's view, damages awarded under the WARN Act are clearly earned.

simply, would be improper. *See Dunn v. Commodity Futures Trading Comm'n*, 519 U.S. 465, 470, 117 S. Ct. 913, 137 L. Ed. 2d 93 (1997) ("Absent any indication that doing so would frustrate Congress's clear intention or yield patent absurdity, our obligation is to apply the statute as Congress wrote it.") (citations and quotation marks omitted).

In reaching this conclusion, this Court, like the Bankruptcy Court, is cognizant of the practical impact that a contrary ruling would achieve. In particular, the WARN Act itself would essentially be rendered unenforceable if WARN Act damages were not entitled to priority. The Bankruptcy Court aptly addressed this point:

> To hold otherwise would create a perverse incentive: employers could violate the WARN Act and then evade liability simply by seeking bankruptcy protection. Such an interpretation would effectively render the statute unenforceable in precisely the circumstances where its protections are most needed. . . The Court is not persuaded that Congress intended to provide employees with a substantive right under federal law, only to allow that right to be extinguished (absent certain exceptions that were not applicable in this proceeding) when an employer files for bankruptcy.

[2] at p. 12-13.

This Court fully agrees. The Trustee's arguments are squarely rejected.[4]

### Conclusion

The Court concludes that WARN Act damages are entitled to priority status under 11 U.S.C. § 507(a). The appealed decision of the United States Bankruptcy Court is AFFIRMED. A separate Order consistent with this Memorandum Opinion will be issued this day.

SO ORDERED, this the 26th day of March, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] Lastly, the Court feels compelled to again point out that bankruptcy courts have consistently concluded that WARN Act damages are entitled to priority under § 507(a)(4). Congress easily could have amended the statute to address that consistent interpretation of § 507(a)(4) if it so desired. For decades, Congress has not done so.